1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

CLARENCE TOLLIVER,

11

Petitioner,                    2:05-cv-2125-GEB-GGH-P

12

vs.

13

TOM CAREY, et al.,

14

Respondents.          <u>ORDER</u>

15

_____/

16

      Petitioner, a state prisoner proceeding through counsel, has filed this application

17

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United

18

States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court

20

has conducted a <u>de novo</u> review of this matter.

21

      On December 5, 2006, the magistrate judge filed findings and recommendations

22

herein ("F&R's"), finding that "the denial of petitioner's claims by the California Court of

23

Appeal was an unreasonable application of clearly established Supreme Court authority" and

24

recommending "that petitioner's application for a writ of habeas corpus be granted."  (Dec. 5,

25

2006 F&R's, at 18.)  The F&R's were served on all parties and contained notice to all parties

26

that any objections to the F&R's were to be filed within twenty days.

1    Respondent Tom Carey has filed objections to the F&R's, arguing that because

2    the state court adjudication of Petitioner's claims was not contrary to clearly established federal

3    law, Petitioner is not entitled to federal habeas relief.  (Resp't's Objections to F&R's ("Obj.") at

4    2.)  Petitioner filed a reply to Respondent's objections, arguing that the F&R's should be adopted

5    in full.  (Pet'r's Reply to Obj. to F&R's ("Reply") at 17.)

6    Respondent first contends that Petitioner's habeas petition should be denied

7    because Petitioner "has no federal liberty interest in parole."  (Obj. at 2 n.1.)  Respondent argues

8    the Ninth Circuit decision of Sass v. California Board of Prison Terms, 461 F.3d 1123 (9th Cir.

9    2006), upon which the magistrate judge relied in finding that California law provides Petitioner

10   with a federally protected liberty interest in parole release, is not final since a petition for

11   rehearing is pending.  (Obj. at 2 n.1.)  Petitioner rejoins that, regardless of whether Sass is final,

12   "the Ninth Circuit has repeatedly found . . . that a Due Process protected liberty interest exists

13   under California's parole scheme."  (Reply at 3, citing McQuillion v. Duncan, 306 F.3d 895,

14   902-03 (9th Cir. 2002); Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003); and Caswell v.

15   Calderon, 363 F.3d 832, 838 (9th Cir. 2004).)  Petitioner is correct.

16   Respondent next argues that, by relying on dicta from Biggs v. Terhune, 334 F.3d

17   910 (9th Cir. 2003), the magistrate judge erroneously "concluded that the Petition should be

18   granted because the Governor relied on two 'unchanging factors,' [Petitioner's] commitment

19   offense and his unstable social history, to find him unsuitable for parole."  (Id. at 3.)  Respondent

20   contends that "no clearly established Supreme Court authority prohibited the Governor from

21   relying on [Petitioner's] crime and his unstable social history to find him unsuitable."  (Id. at 4.)

22   Respondent's contentions are unpersuasive.  In Biggs, the Ninth Circuit stated

23   that although "the parole board's sole supportable reliance on the gravity of the offense and

24   conduct prior to imprisonment to justify denial of parole [could] be initially justified as fulfilling

25   the requirements set forth by state law[,] [o]ver time, . . . should Biggs continue to demonstrate

26   exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of

2

the nature of Biggs' offense and prior conduct would raise serious questions involving his liberty interest in parole." 334 F.3d at 916. "A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Id. at 917.

Additionally, in Irons v. Warden of California State Prison-Solano, 358 F. Supp. 2d 936, 947 (E.D. Cal. 2005), the district court found that reliance on the unchanging factors of the commitment offense and the petitioner's drug use at the time of the offense (which had also been relied on in at least four parole suitability hearings), even though the petitioner demonstrated exemplary behavior and evidence of rehabilitation, violated the petitioner's right to due process:

> More important . . . in assessing any due process violation is the fact that continuous reliance on unchanging circumstances transforms an offense for which California law provides eligibility for parole into a de facto life imprisonment without the possibility of parole. The court asks rhetorically-what is it about the circumstances of petitioner's crime or motivation which are going to change? The answer is nothing. The circumstances of the crimes will always be what they were, and petitioner's motive for committing them will always be trivial. Petitioner has no hope for ever obtaining parole except perhaps that a panel in the future will arbitrarily hold that the circumstances were not that serious or the motive was more than trivial. Given that no one seriously contends lack of seriousness or lack of triviality at the present time, the potential for parole in this case is remote to the point of non-existence. Petitioner's liberty interest should not be determined by such an arbitrary, remote possibility.

Id.; see also Johnson v. Finn, 2006 WL 195159, at *12 (E.D. Cal. Jan. 19, 2006) (finding due process violation in denial of parole at twelfth parole suitability hearing after petitioner had served twenty-four years of sentence of life with the possibility of parole and met circumstances tending to indicate suitability for parole); Masoner v. State, 2004 WL 1080176, at * (C.D. Cal. Jan. 23, 2004) (finding due process violation based on BPT's "continued reliance" on pre-conviction factors to justify denial of parole suitability after petitioner had served twenty-one

1  years of fifteen years to life sentence for second degree murder, had participated in therapy and

2  self-help programming and had impeccable prison record).

3        Respondent further contends that "[t]he F&R's should . . . be rejected because

4  they are predicated on the magistrate judge's application of the 'some evidence' standard of

5  review" and that "even if the 'some evidence' standard applies, then the magistrate judge

6  compounded his error by misapplying that standard and re-weighing the evidence in the record

7  concerning [Petitioner's] suitability, without giving appropriate deference to the state courts."

8  (Obj. at 4.)  However, the Supreme Court has held that, in the context of good time credits, "the

9  requirements of due process are satisfied if some evidence supports the decision by the prison

10 disciplinary board," and the Ninth Circuit has specifically applied the "some evidence" standard

11 in the parole context.  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 456

12 (1985); Biggs, 334 F.3d at 915 (citing McQuillion, 306 F.3d at 904 and Jancsek v. Or. Bd. of

13 Parole, 833 F.2d 1389 (9th Cir.1987)).  Further, the magistrate judge did not misapply the "some

14 evidence" standard, and gave appropriate deference to the state courts.  Therefore, Respondent's

15 contentions are unpersuasive.

16       Finally, Respondent contends that "if [Petitioner's] federal due process rights

17 were violated, then the F&R's should be modified to specify the appropriate remedy.  The

18 Governor should be given the opportunity to correct the alleged constitutional violation."  (Obj.

19 at 5.)  Since Petitioner "does not object to having the matter resubmitted to the Governor,"

20 (Reply at 17), the matter will be resubmitted to the Governor.  Hilton v. Braunskill, 481 U.S.

21 770, 775 (1987) (stating "that federal courts may delay the release of a successful habeas

22 petitioner in order to provide the State an opportunity to correct the constitutional violation

23 found by the court.").

24       The F&R's are adopted except as modified in this order.  The court substitutes

25 McQuillion, 306 F.3d at 902-03, in place of the Sass decision on which the magistrate judge

26 relied when finding that California law provides Petitioner with a federally protected liberty

interest in parole release; relies on <u>Hill</u>, 472 U.S. at 456, and <u>McQuillion</u>, 306 F.3d at 904, in response to Respondent's argument that the "some evidence" standard does not apply; and finds that Petitioner's release shall be delayed to provide the Governor an opportunity to correct the constitutional violation.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 5, 2006, are adopted, except as modified above;

2. Petitioner's application for a writ of habeas corpus is granted;

3. Within ten (10) days of the date on which this order is filed, this matter shall be re-submitted to the Governor in order to provide the Governor an opportunity to correct the constitutional violation;

4. Upon ninety (90) days of the date on which this order is filed, if the constitutional violation has not been corrected, petitioner's eligibility for parole shall be reinstated and he shall be given a new parole date (unless the Board of Prison Terms concludes, at that time, that he should be released forthwith under their regulations or matrix), assuming no legitimate grounds for rescission have occurred since his last parole suitability hearing.

Dated:  February 7, 2007

GARLAND E. BURRELL, JR.
United States District Judge