IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE TOLLIVER,

        Petitioner,                 2:05-cv-2125-GEB-GGH-P

   vs.

TOM CAREY, et al.,

        Respondents.             AMENDED ORDER[1]

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this matter.

        On December 5, 2006, the magistrate judge filed findings and recommendations herein ("F&R's"), finding that "the denial of petitioner's claims by the California Court of Appeal was an unreasonable application of clearly established Supreme Court authority" and

---

[1] This order amends and supercedes the order filed in this action on February 8, 2007. The amended portions of the order are in numbers 3 and 4 on page 5. The order is amended because of supplemental briefs received after the February 8 order issued, in which Petitioner rescinded his agreement to provide the Governor the opportunity to correct the constitutional violation found in the February 8 order. However, because Respondent's counsel stated at the hearing held in this matter on February 26, 2007 that the Governor's office has received the February 8 release decision and is in the process of considering the matter, the comity concern alluded to at the February 26 hearing indicates that the portion of the order providing the Governor the opportunity to correct the constitutional violation should be modified rather than rescinded.

recommending "that petitioner's application for a writ of habeas corpus be granted." (Dec. 5, 2006 F&R's, at 18.) The F&R's were served on all parties and contained notice to all parties that any objections to the F&R's were to be filed within twenty days.

Respondent Tom Carey has filed objections to the F&R's, arguing that because the state court adjudication of Petitioner's claims was not contrary to clearly established federal law, Petitioner is not entitled to federal habeas relief. (Resp't's Objections to F&R's ("Obj.") at 2.) Petitioner filed a reply to Respondent's objections, arguing that the F&R's should be adopted in full. (Pet'r's Reply to Obj. to F&R's ("Reply") at 17.)

Respondent first contends that Petitioner's habeas petition should be denied because Petitioner "has no federal liberty interest in parole." (Obj. at 2 n.1.) Respondent argues the Ninth Circuit decision of Sass v. California Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006), upon which the magistrate judge relied in finding that California law provides Petitioner with a federally protected liberty interest in parole release, is not final since a petition for rehearing is pending. (Obj. at 2 n.1.) Petitioner rejoins that, regardless of whether Sass is final, "the Ninth Circuit has repeatedly found . . . that a Due Process protected liberty interest exists under California's parole scheme." (Reply at 3, citing McQuillion v. Duncan, 306 F.3d 895, 902-03 (9th Cir. 2002); Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003); and Caswell v. Calderon, 363 F.3d 832, 838 (9th Cir. 2004).) Petitioner is correct.

Respondent next argues that, by relying on dicta from Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), the magistrate judge erroneously "concluded that the Petition should be granted because the Governor relied on two 'unchanging factors,' [Petitioner's] commitment offense and his unstable social history, to find him unsuitable for parole." (Id. at 3.) Respondent contends that "no clearly established Supreme Court authority prohibited the Governor from relying on [Petitioner's] crime and his unstable social history to find him unsuitable." (Id. at 4.)

Respondent's contentions are unpersuasive. In Biggs, the Ninth Circuit stated that although "the parole board's sole supportable reliance on the gravity of the offense and conduct

prior to imprisonment to justify denial of parole [could] be initially justified as fulfilling the requirements set forth by state law[,] [o]ver time, . . . should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of Biggs' offense and prior conduct would raise serious questions involving his liberty interest in parole." 334 F.3d at 916.  "A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Id. at 917.

Additionally, in Irons v. Warden of California State Prison-Solano, 358 F. Supp. 2d 936, 947 (E.D. Cal. 2005), the district court found that reliance on the unchanging factors of the commitment offense and the petitioner's drug use at the time of the offense (which had also been relied on in at least four parole suitability hearings), even though the petitioner demonstrated exemplary behavior and evidence of rehabilitation, violated the petitioner's right to due process:

> More important . . . in assessing any due process violation is the fact that continuous reliance on unchanging circumstances transforms an offense for which California law provides eligibility for parole into a de facto life imprisonment without the possibility of parole. The court asks rhetorically-what is it about the circumstances of petitioner's crime or motivation which are going to change? The answer is nothing. The circumstances of the crimes will always be what they were, and petitioner's motive for committing them will always be trivial. Petitioner has no hope for ever obtaining parole except perhaps that a panel in the future will arbitrarily hold that the circumstances were not that serious or the motive was more than trivial. Given that no one seriously contends lack of seriousness or lack of triviality at the present time, the potential for parole in this case is remote to the point of non-existence. Petitioner's liberty interest should not be determined by such an arbitrary, remote possibility.

Id.; see also Johnson v. Finn, 2006 WL 195159, at *12 (E.D. Cal. Jan. 19, 2006) (finding due process violation in denial of parole at twelfth parole suitability hearing after petitioner had served twenty-four years of sentence of life with the possibility of parole and met circumstances

tending to indicate suitability for parole); Masoner v. State, 2004 WL 1080176, at * (C.D. Cal. Jan. 23, 2004) (finding due process violation based on BPT's "continued reliance" on pre-conviction factors to justify denial of parole suitability after petitioner had served twenty-one years of fifteen years to life sentence for second degree murder, had participated in therapy and self-help programming and had impeccable prison record).

Respondent further contends that "[t]he F&R's should . . . be rejected because they are predicated on the magistrate judge's application of the 'some evidence' standard of review" and that "even if the 'some evidence' standard applies, then the magistrate judge compounded his error by misapplying that standard and re-weighing the evidence in the record concerning [Petitioner's] suitability, without giving appropriate deference to the state courts." (Obj. at 4.)  However, the Supreme Court has held that, in the context of good time credits, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board," and the Ninth Circuit has specifically applied the "some evidence" standard in the parole context. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 456 (1985); Biggs, 334 F.3d at 915 (citing McQuillion, 306 F.3d at 904 and Jancsek v. Or. Bd. of Parole, 833 F.2d 1389 (9th Cir.1987)).  Further, the magistrate judge did not misapply the "some evidence" standard, and gave appropriate deference to the state courts.  Therefore, Respondent's contentions are unpersuasive.

Finally, Respondent contends that "if [Petitioner's] federal due process rights were violated, then the F&R's should be modified to specify the appropriate remedy.  The Governor should be given the opportunity to correct the alleged constitutional violation."  (Obj. at 5.)  Since Petitioner "does not object to having the matter resubmitted to the Governor," (Reply at 17), the matter will be resubmitted to the Governor. Hilton v. Braunskill, 481 U.S. 770, 775 (1987) (stating "that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court.").

    The F&R's are adopted except as modified in this order.  The court substitutes McQuillion, 306 F.3d at 902-03, in place of the Sass decision on which the magistrate judge relied when finding that California law provides Petitioner with a federally protected liberty interest in parole release; relies on Hill, 472 U.S. at 456, and McQuillion, 306 F.3d at 904, in response to Respondent's argument that the "some evidence" standard does not apply; and finds that Petitioner's release shall be delayed to provide the Governor an opportunity to correct the constitutional violation.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendations filed December 5, 2006, are adopted, except as modified above;

    2. Petitioner's application for a writ of habeas corpus is granted;

    3. This matter has been re-submitted to the Governor in order to provide the Governor an opportunity to correct the constitutional violation;

    4. If the constitutional violation has not been corrected before March 12, 2007, petitioner shall be released on parole no later than March 12, 2007 since he has already served the prison term set by the Board of Prison Terms at Petitioner's 2004 parole suitability hearing, provided that no legitimate grounds for rescission develop between Petitioner's last parole suitability hearing in December 2006 and March 12, 2007.

Dated: February 26, 2007

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge