IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE TOLLIVER, | ) |
| | ) 2:05-cv-2125-GEB-GGH-P |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| D.K. SISTO, et al., | ) |
| | ) |
| Respondents.[1] | ) |

On March 1, 2007, Respondent filed an "Application for Stay of February 27, 200[7] Order and Judgment [("February 27 Order")] Pending Appeal." Respondent requests a "stay [of] the portion of the order directing that [Petitioner] be released on March 12, 2007 . . ." (Resp.'s Appl. at 2.) Further, Respondent states "[i]f the Court is not inclined to grant a stay pending appeal, Respondent . . . requests a temporary stay to allow time to seek a stay in the Ninth Circuit Court of Appeals." (Id.) Petitioner opposes both requests. (Opp'n at 3-4.)

---

[1] The caption is modified in accordance with Respondents' statement that "Warden D.K. Sisto, as Tolliver's custodian, is the proper respondent in this case." (Appl. at 2 n.1 (citing Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)).)

## STAY PENDING APPEAL

Respondent seeks a stay of the February 27 Order pending appeal to the Ninth Circuit under Federal Rule of Civil Procedure 62(c) ("Rule 62(c)"). Rule 62(c) "provides that when an appeal is taken from a final judgment granting an injunction, the court has discretion to suspend the injunction during the pendency of an appeal upon such terms that will secure the rights of the adverse party." (Appl. at 2 (citing Rule 62(c)).)

"The plain language of [Federal Rule of Appellate Procedure 23 ("Rule 23")] gives the district court jurisdiction concurrent with the appeals court over the custody of a habeas petitioner. As the Supreme Court has made clear, a district court has broad discretion in conditioning a judgment granting habeas relief, including whether or not to release a prisoner pending appeal." Stein v. Wood, 127 F.3d 1187, 1190 (9th Cir. 1997) (citing Hilton v. Braunskill, 481 U.S. 770, 775 (1987)). Rule 23(c) provides that "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance . . . ."

"[T]he factors regulating the issuance of a stay are . . . : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton, 481 U.S. at 776. Respondent argues that "[i]n addition to these factors, the Court should also consider the risk that [Petitioner] will flee upon

1  release, the risk of danger to the public if he is released, and the
2  State's interest in continuing his custody and rehabilitation."
3  (Appl. at 4 (citing Hilton, 481 U.S. at 777).)
4          Respondent contends that a stay pending appeal should be
5  granted because (1) Respondent has a high likelihood of success on the
6  merits of his appeal (Appl. at 4); (2) the Governor and the public
7  will be irreparably injured if the Governor is required to reevaluate
8  Petitioner's suitability for parole in accordance with the February 27
9  Order before the appeal from that order is adjudicated (id. at 10);
10 (3) the issuance of a stay would not substantially injure Petitioner
11 (id. at 11); and (4) a stay is necessary to protect the public's
12 safety pending the appeal since Petitioner is a convicted murderer
13 (id. at 9).
14          Petitioner counters that (1) Respondent has not shown a
15 likelihood of success on the merits of his appeal (Opp'n at 5); (2)
16 neither the Respondent nor the Governor will be irreparably injured if
17 Petitioner is released pending appeal (id. at 10); (3) Petitioner will
18 suffer irreparable harm if he is not released pending Respondent's
19 appeal (id. at 11); and (4) a stay is not necessary to protect the
20 public's safety since the parole board has found that Petitioner "does
21 *not* currently present an unreasonable threat to public safety" and
22 Petitioner "will be closely supervised by a parole officer . . . and
23 will be subject to various conditions of parole" (id. at 10).
24          First, for the reasons stated in the February 27 Order,
25 Respondent has not established that he is "likely to succeed on the
26 merits."  Respondent contends that the February 27 Order incorrectly
27 relied upon Irons v. Warden of Cal. State Prison-Solano, 358 F. Supp.
28 2d 936, 947 (E.D. Cal. 2004) which, at the time of Respondent's

Application, was "pending appeal." (Appl. at 7.) Yesterday, the Ninth Circuit issued an opinion in <u>Irons</u>. 2007 WL 656345, No. 05-15275 (9th Cir. Mar. 6, 2007). Although the Circuit reversed the district court's opinion in <u>Irons</u>, the Ninth Circuit opinion reveals that Respondent is not likely to succeed on the merits of his appeal in the case sub judice. The Circuit confirmed that a California prisoner has a constitutionally protected liberty interest in parole, and that a decision denying parole "deprives a prisoner of due process with respect to th[at] interest if the . . . decision is not supported by 'some evidence in the record.'" <u>Id.</u> at *3. The Circuit also stated that the holding in <u>Biggs v. Terhune</u>, 334 F.3d 910, 916-17 (9th Cir. 2003), upon which the February 27 Order partially relied, and which Respondent states the Circuit has "backed away from" (Appl. at 7), "represents the law of this circuit." <u>Irons</u>, 2007 WL 656345, at *5.

      The Circuit reversed the district court's order granting Irons' petition because it found that, in light of <u>Sass v. Cal. Board of Prison Terms</u>, 461 F.3d 1123 (9th Cir. 2006), upon which Respondent also relies, some evidence supported the finding that Irons was unsuitable for parole. <u>Irons</u>, 2007 WL 656345, at *4. However, the Circuit went on to note that even if some evidence supported the decision, the denial of parole could still have violated Irons' right to due process. <u>Id.</u> at *5. The Circuit found that there was no due process violation because Irons "had not served the minimum number of years to which [he] had been sentenced at the time of the challenged parole denial." <u>Id.</u> The Circuit specifically stated: "All we held in [<u>Biggs</u> and <u>Sass</u>] and all we hold today, therefore, is that given the particular circumstances of the offenses in these cases, due

4

process was not violated when these prisoners were deemed unsuitable for parole *prior to the expiration of their minimum terms*." Id. (emphasis added).

The Circuit went on to state that "in some cases, indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from the relevant California statutes." Id. at *6.  In the case sub judice, not only had Petitioner served his minimum sentence at the time the Governor reversed the parole board's finding that he was suitable for parole, but there was also evidence of his rehabilitation, and the parole board found that he was suitable for parole.  Therefore, Respondent is not likely to succeed on the merits on appeal.

Additionally, Respondent's argument that the Governor and the public will suffer irreparable if the Governor has to "compl[y] with the [February 27 Order] and evaluate[ Petitioner's] suitability without considering his crime and his social history" (Appl. at 11), is unpersuasive.  First, Respondent's application seeks only to stay the release portion of the February 27 Order, not the portion of the Order providing the Governor with an opportunity to correct the constitutional violation (Appl. at 2).  Second, the February 27 Order does not require the Governor to take any action; rather, the February 27 Order only provides the Governor with an *opportunity* to correct the constitutional violation.  (Feb. 27 Order at 5 (emphasis added).)

Moreover, Petitioner has a strong irreparable harm position, since under the parole board's determination that he should already have been released, Petitioner has no prison sentence remaining to be served.  Therefore, Petitioner would be irreparably harmed by a stay

1  that would keep him in prison indefinitely, especially since
2  Respondent has indicated that, if necessary, he "will pursue this
3  matter to the United States Supreme Court."  (Reply at 2.)
4  	Nor has it been shown that Petitioner would be a danger to
5  the public if released, in light of the parole board's finding that
6  Petitioner "does *not* currently present an unreasonable threat to
7  public safety" and "will be closely supervised by a parole officer."
8  (Opp'n at 10).
9  	For the stated reasons, Respondent has not shown that a stay
10 pending appeal should issue.[2]  Therefore, Respondents' application for
11 a stay pending appeal is denied.

                           TEMPORARY STAY

13 	Respondent further seeks a temporary stay of the portion of
14 the February 27 Order directing that Petitioner be released on March
15 12, 2007, so that Respondent can seek a stay from the Ninth Circuit.
16 (Appl. at 2.)  Because Petitioner has not pointedly shown why
17 Respondent's request for a temporary stay should be denied, the March

---

[2] Respondent argues that since Respondent's stay is sought in district court, Rule 62(c) governs rather than Rule 23(c), which creates a presumption in favor of release of a prisoner while a decision ordering the release is under review. (Appl. at 3 n.2.) Respondent therefore contends that "this Court should be more willing to stay its order than an appellate court applying rule 23" because the presumption in favor of release articulated in Rule 23(c) is not present in Rule 62(c). (Id.) Petitioner rejoins that Rule 23(c) governs Respondent's application for a stay. (Opp'n at 4.) Since Respondent has not shown he is entitled to a stay pending appeal under either rule, the issue of which rule applies need not be reached.

```
 1  12, 2007 date for release in the February 27 Order is changed to March
 2  22, 2007.³
 3          IT IS SO ORDERED.
 4  Dated:  March 7, 2007
 5
 6                                    _____
                                      GARLAND E. BURRELL, JR.
 7                                    United States District Judge
```

---

³   Respondent failed to state how much time he desired to seek a stay in the Ninth Circuit.